P. J. KRUMHOLZ v. WILLIAM DAWSON AND OTHERS.
DAVID C. JOHNSON, APPELLANT.[1]

November 9, 1923.

No. 23,563.

**Vendor bound by mechanics' liens.**

Finding that vendor knew of improvements made by vendee in possession and was liable for the mechanics' liens filed against the premises, sustained upon meagre evidence. [Reporter.]

Action in the district court for Hennepin county to foreclose mechanics' liens. The case was tried before Salmon, J., who made findings and ordered judgment in favor of the lien claimants and directing a sale of the premises to satisfy the liens. From the judgment entered pursuant to the order for judgment, David G. Johnson appealed. Affirmed.

E. Luther Melin, for appellant.

J. J. Segall, George M. Bleecker, O. S. Brecke and N. L. Ericson, for respondent.

[1]Reported in 195 N. W. 639.

PER CURIAM.

Defendant Johnson and defendant William Dawson entered into an executory contract on September 20, 1921, whereby Johnson agreed to convey to Dawson a house and lot in North Minneapolis on being paid the sum of $3,000, and Dawson agreed to pay that sum therefor in monthly instalments of $30 each. Dawson took possession of the premises October 1, 1921. The house was old and in need of repair, and Dawson proceeded at once to make quite extensive repairs and improvements. He failed to pay for either the labor or material furnished therefor and mechanics' liens were filed against the property. He paid only 3 of the monthly instalments on his contract of purchase and removed from the premises in the spring of 1922. Johnson terminated the contract by giving the statutory notice in December, 1922.

This is an appeal by Johnson from a judgment foreclosing the mechanics' liens and directing that the property be sold to satisfy them. The liens were not disputed, but Johnson asserted that he had no notice or knowledge of the making of the improvements until after they had been completed, and that the liens did not attach to his interest in the property for that reason, although he had failed to give the statutory notice that they were not made at his instance. The trial court found, in effect, that the repairs and improvements were made with his knowledge, and the question presented is whether this finding is sustained by the evidence. The evidence in support of it is meagre and not very satisfactory, but we are unable to say that the court could not legitimately infer from it that Johnson understood and knew that the improvements were to be made.

Judgment affirmed.